**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. <u>R.</u> 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3937-18T3

ELMER SQUARE,

     Appellant,

v.

NEW JERSEY DEPARTMENT
OF CORRECTIONS,

     Respondent.

_____

     Submitted November 18, 2020 – Decided January 27, 2021

     Before Judges Alvarez and Sumners.

     On appeal from the Final Agency Decision of the Department of Corrections.

     Elmer Square, appellant, pro se.

     Gurbir S. Grewal, Attorney General, attorney for respondent (Melissa H. Raksa, Assistant Attorney General, of counsel; Stephanie R. Dugger, Deputy Attorney General, on the brief).

PER CURIAM

Elmer Square, an inmate at New Jersey State Prison, appeals from the New Jersey Department of Corrections' (DOC) March 21, 2019 final agency determination finding him guilty of prohibited act *.005, threatening another with bodily harm or with any offense against his or her person or his or her property, N.J.A.C.10A:4-4.1(a)(2)(ii), and imposing sanctions of 120 days of administrative segregation, thirty days of loss of recreation privilege, and 150 days of loss of commutation time.

On appeal, Square argues:

POINT I

APPELLANT'S DUE PROCESS RIGHTS, AS SET FORTH IN AVANT V CLIFFORD,[1] WERE VIOLATED WHEN THE HEARING OFFICER MADE FINDINGS NOT BASED ON SUFFICIENT CREDIBLE EVIDENCE IN THE RECORD.

POINT II

APPELLANT'S DUE PROCESS RIGHT TO A FUNDAMENTALLY FAIR HEARING BY AN IMPARTIAL TRIBUNAL [OR HEARING OFFICER] WAS VIOLATED WHEN THE HEARING OFFICER FAILED TO STATE ON THE RECORD HOW SHE MADE DETERMINATIONS OF CREDIBILITY.

---

[1] 67 N.J. 496 (1975).

A-3937-18T3

We affirm because the DOC's decision was supported by substantial evidence and the law. See R. 2:11-3(e)(1)(D).

The essential facts, adduced before a hearing officer, were based on staff reports, a witness statement, and a video. On March 8, 2019, Square left his cell to go the medical clinic to get his insulin when he told Correction Officer Z. Goodwin,[2] "I'm going to fuck you up bitch." Correction Officer L. Jovanovic claimed he heard the threat. Square denied making the comment. A surveillance video of the incident requested by Square did not support his denial because it lacked audio. In addition, the statement of another inmate provided that he did not see or hear what Square said to Goodwin. After reviewing the evidence, the hearing officer found Square guilty of prohibited act *.005. Square's administrative appeal was denied based upon the determination that the hearing officer's decision was supported by "substantial evidence and the sanction[s] [were] proportionate in view of [his] prior disciplinary history."

Our review of an administrative agency's decision is limited. In re Stallworth, 208 N.J. 182, 194 (2011). We "afford[] a 'strong presumption of reasonableness' to an administrative agency's exercise of its statutorily delegated responsibilities." Lavezzi v. State, 219 N.J. 163, 171 (2014) (quoting City of

---

[2] Reports only provide the initials of the Correction Officers' first names.

Newark v. Nat. Res. Council, Dep't of Env't Prot., 82 N.J. 530, 539 (1980)). Thus, "[w]ithout a 'clear showing' that it is arbitrary, capricious, or unreasonable, or that it lacks fair support in the record, an administrative agency's final . . . decision should be sustained, regardless of whether a reviewing court would have reached a different conclusion in the first instance." Circus Liquors, Inc. v. Governing Body of Middletown Twp., 199 N.J. 1, 9 (2009).

A finding of guilt at a disciplinary hearing must be supported by substantial evidence. N.J.A.C. 10A:4-9.15(a). "'Substantial evidence' means 'such evidence as a reasonable mind might accept as adequate to support a conclusion.'" Figueroa v. N.J. Dep't of Corr., 414 N.J. Super. 186, 192 (quoting In re Pub. Serv. Elec. & Gas Co., 35 N.J. 358, 376 (1961)).

We reject Square's argument that there was insufficient evidence to sustain the finding of guilt. The hearing officer's decision was supported by two first-hand staff reports corroborating Square's threat. Neither video footage—without audio—nor another inmate witness supported Square's account of the incident. Based on the substantial evidence in the record and the hearing officer's decision, we discern no basis to disturb the DOC's finding of guilt.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

4

A-3937-18T3